**L. Grant Foster, 7202**
gfoster@hollandhart.com
**Brett L. Foster, 6089**
bfoster@hollandhart.com
HOLLAND & HART LLP
222 South Main St., Suite 2200
Salt Lake City, Utah 84101
Telephone: (801) 799-5800
Facsimile: (801) 799-5700

*Attorneys for Plaintiff*
*Browning*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **BROWNING**, a Utah corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>**JEFF CRAWFORD**, an individual, **MONICA CRAWFORD**, an individual, **THE SWAMP COMPANY**, an entity of unknown form, **BURNT STORE CONSULTING, LLC**, a Florida limited liability company, **DIBORA HARRAR**, an individual, **JOSEPH HARRAR**, an individual, **TNT APPAREL USA LLC**, a Florida limited liability company, **M.A FLORIDA INVESTMENTS LLC**, a Florida limited liability company, **MEYER FLORIDA INVESTMENTS LLC**, a Florida limited liability company, and **JOHN DOES 1-10**, unknown persons.<br><br>        Defendants. | **COMPLAINT**<br><br>Case No. _____<br><br>**Jury Demanded** |

1

Plaintiff Browning, by and through counsel, alleges and complains against Defendants Jeff Crawford, Monica Crawford, The Swamp Company, Burnt Store Consulting, LLC, Diborah Harrar, Josephs Harrar, TNT Apparel USA LLC, M.A Florida Investments LLC, Meyer Florida Investments LLC, and John Does 1-10 (collectively, "Defendants") as follows:

## INTRODUCTION

This is an action for unlawful counterfeiting, trademark infringement, unfair competition, trademark dilution, deceptive trade practices, and related claims, arising out of Defendants' manufacture, marketing, and sale of counterfeit goods bearing Browning's incontestable and registered trademarks, logos, and name. Browning seeks injunctive relief, damages, disgorgement of profits, attorneys' fees, and other relief under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, and applicable state law.

## THE PARTIES

1. Plaintiff Browning ("Browning" or "Plaintiff") is a Utah corporation having its principal place of business at One Browning Place, Morgan, Utah 84050.

2. On information and belief, Defendant Jeff Crawford is an individual residing at 483 Currahee Pt, Toccoa, Georgia, 30577.

3. On information and belief, Defendant Monica Crawford is an individual residing at 483 Currahee Pt, Toccoa, Georgia, 30577.

4. On information and belief, Defendant The Swamp Company is a legal entity of unknown form with its principal place of business at 483 Currahee Pt, Toccoa, Georgia, 30577.

2

5.  On information and belief, Defendant Burnt Store Consulting, LLC is an administratively dissolved Florida limited liability company with its principal place of business at 483 Currahee Pt, Toccoa, Georgia, 30577.

6.  On information and belief, Defendant Dibora Harrar is an individual residing at 4730 Sarazen Drive, Hollywood, Florida 33021.

7.  On information and belief, Defendant Joseph Harrar is an individual residing at 4730 Sarazen Drive, Hollywood, Florida 33021.

8.  On information and belief, Defendant TNT APPAREL USA LLC is a Florida limited liability company with its principal place of business at 4730 Sarazen Drive, Hollywood, Florida 33021.

9.  On information and belief, Defendant M.A FLORIDA INVESTMENTS LLC is a Florida limited liability company with its principal place of business at 4730 Sarazen Drive, Hollywood, Florida 33021.

10. On information and belief, Defendant MEYER FLORIDA INVESTMENTS LLC is a Florida limited liability company with its principal place of business at 4730 Sarazen Drive, Hollywood, Florida 33021.

11. On information and belief, defendants JOHN DOES 1-10, are persons whose identities are not known who have acted in concert with the other named defendants with respect to the allegations herein.

## JURISDICTION AND VENUE

12. This action arises under the Lanham Act, 15 U.S.C. § 1051 et seq., and supplemental state law.  This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C.

§§ 1331 and 1338; and supplemental jurisdiction over Browning's state law claims pursuant to 28 U.S.C. § 1367.

13. This Court has personal jurisdiction over Defendants due to their infringing activities in the State of Utah, including the sale, offering for sale, shipment into, and advertising of counterfeit and infringing goods in Utah. Defendants have committed tortious acts within Utah, transact business within Utah, and this action arises, in part, from Defendants' conduct within the State of Utah.

14. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred within the District of Utah.

**GENERAL ALLEGATIONS**

**Browning's Exclusive Rights in the BROWNING Marks**

15. Browning is a global leader in the recreational and sporting goods markets providing high quality, innovative products to sports enthusiasts worldwide, including firearms, apparel, and branded and licensed merchandise.

16. Since at least as early as 1978, Browning (either directly or through its licensees or predecessors-in-interest) has been using the BROWNING and its "Buckmark Design" marks for sporting goods, apparel, luggage, accessories, and decals.

17. In recognition of Browning's exclusive right to use its marks in commerce and in connection with Browning's products, the United States Patent and Trademark Office has granted Browning several trademark registrations, some of which are listed in part in the table below (the "Trademark Registrations"):

4

| Mark | Excerpts of Goods | Reg. Date | First Use |
|------|-------------------|-----------|-----------|
| BROWNING<br><br>Reg. No. 3,027,795 | Class 20:  Sleeping bags and camping furniture including chairs, costs, stools and tables.<br>Class 22:  Tents and tent bags. | 12-13-2005 | 08-01-2004 |
| BROWNING FOR HER<br><br>Reg. No. 2,819,480 | Class 25:  Shirts, t-shirts, vests, jackets, pants, sweatshirts, bib overalls, parkas, coats, sweatpants, sweaters, wind resistant jackets, and skirts. | 03-02-2004 | 02-25-2003 |
| BROWNING<br><br>Reg. No. 1,620,728 | Class 08:  Pocket knives and fishing and hunting knives.<br>Class 25:  Sportsmen's clothing, boots and footwear - namely, coats, jackets, parkas, vests, insulated hunting suits, coveralls, hoods, rain jackets, raincoats, pants, rain pants, rain suits, rain parkas, hunting bibs, underwear, hunting trousers, hunting vests, gloves, glove liners, mittens, shooting gloves, hats, shirts, belts, insulated boots, waterproof boots, pack boots, wading boots, socks and sock liners. | 11-06-1990 | 01-01-1978 or prior |
| <br><br>Reg. No. 4,492,749 | Class 16:  Decals; decorative decals for vehicle windows.<br>Class 25:  Hooded sweatshirts; sweatshirts; t-shirts. | 03-04-14 | 10-01-2012, an in different form at least as early as 1978 |

5

| Mark | Excerpts of Goods | Reg. Date | First Use |
|---|---|---|---|
| Reg. No. 1,214,560 | Class 8:  Pocket knives and fishing and hunting knives.  Class 18: Luggage, leather boot lace. Class 20:  Sleeping bags. Class 25:  Sportsmen's clothing, boots and footwear-namely, coats, jackets, parkas, vests, insulated hunting suits, hoods, rain jackets, rain coats, rain pants, rain suits, rain parkas, underwear, hunting trousers, hunting vests, gloves, mittens, shooting gloves, hats, shirts, belts, insulated boots, waterproof boots, and socks. | 11-02-1982 | 01-01-1978 or prior |

18. Copies of Browning's Trademark Registrations identified above are filed herewith as Exhibit 1.

19. In addition to its Trademark Registrations, Browning (either directly or through its licensees or predecessors-in-interest) has made actual use in commerce of the BROWNING and Buck Designs in connection with the sporting goods, apparel, luggage, and accessories described herein, and thus possesses common law trademark rights to a family of BROWNING and Buck Design marks. All of Browning's registered and common law rights to these marks are hereinafter referred to as the BROWNING Marks.

20. The BROWNING Marks are arbitrary and fanciful marks that are entitled to the highest level of protection afforded by law.

21. The BROWNING Marks are associated with Browning in the minds of consumers, the public and the trade.

22. Browning takes pains to ensure that it and its licensees adhere to strict product quality standards.

23. As a result of Browning's long-term and wide-spread and exclusive use, and its extensive advertising and sales and quality control, the BROWNING Marks have become famous and well-known around the world.

24. Browning's BROWNING Marks have acquired substantial goodwill and are an extremely valuable commercial asset, serving to identify and distinguish Browning's goods from the numerous competing companies offering competing goods.

25. Browning has gone to great lengths to protect its name and enforce the BROWNING Marks.

26. The BROWNING Marks are in full force and effect and, except for the Buckmark Design Reg. No. 4,492,749, have become incontestable pursuant to 15 U.S.C. § 1065.

27. In addition, Browning has copyrights in the Buckmark Designs. An application for the copyright registration was filed with the United States Copyright Office on May 9, 2016, and presently is pending with the United States Copyright Office.[1]

**Defendants' Unlawful Use of the BROWNING Marks**

28. Upon information and belief, long after Browning's adoption and use of the BROWNING Marks on and for its products and after federal registration of the same, Defendants began selling, offering for sale, distributing, promoting and advertising goods in interstate commerce bearing counterfeits and infringements of the BROWNING Marks as they appear on Browning's products or licensed products and as shown in the Trademark Registrations.

---

[1] Following the Copyright Office's issuance of a registration certificate, this Complaint may be later amended to include claims for copyright infringement.

29. The spurious marks or designations used by Defendants in interstate commerce are identical with, or substantially indistinguishable from, the BROWNING Marks on goods covered by the Trademark Registrations.

30. Upon information and belief, Defendants advertise, market, offer for sale, and sell goods, including apparel, decals, jewelry, bedding, knives, accessories, and other goods at least via their websites, including at least iheartcamo.com, swampcompany.com, and swampcompany.biz, swampcompany.co and on social media websites ("Social Media Websites") including at least at twitter.com/swampcompany ("Twitter Account"), www.pinterest.com/swampcompany/ ("Pinterest Account"), and www.facebook.com/swampcompany/ ("Facebook Account"), and on Instagram (@swampcompany) bearing counterfeits of one or more of the BROWNING Marks. Representative sample printouts from some of these websites are attached as Exhibit 2.

31. A substantial portion of the goods offered and advertised on those websites contain counterfeit BROWNING Marks.

32. The iheartcamo.com website even lists "Browning" as a category or subcategory of products available for sale and purchase.

33. The swampcompany.com, swampcompany.co and swampcompany.biz domains redirect visitors to the iheartcamo.com website. Product links on the Social Media Websites similarly redirect visitors to the iheartcamo.com website.

34. On October 11, 2016, Browning's general counsel placed an order for an Orange Buckmark Car Decal, a Unisex Red Browning Black Long Sleeve T-Shirt, and Buckmark Full Nail Decals (20-Pk) on the iheartcamo.com website. He received a confirmation e-mail from a

8

PayPal account indicating that Burnt Store Consulting LLC (theswampcompany@gmail.com), (864) 916-2152 would charge his MasterCard $60.94. On the same date, he also received a second confirmation e-mail from The Swamp Company (sales@iheartcamo.com) for the same order.

35. On October 19, 2016, Browning's general counsel received a package delivered by the United States Postal Service, First Class Mail, with the return address: The Swamp Company, 4730 Sarazen Drive, Hollywood, Florida 33021.  Inside the package were counterfeit goods of the type described in the order and advertised on the Defendants' websites and Social Media Websites.

36. On October 24, 2016, Browning's general counsel received an additional package delivered by the United States Postal Service, First Class Mail, with the return address: The Swamp Company, 483 Curahee Pt, Toccoa, GA 30577.  Inside the package were additional counterfeit goods of the type described in the order and advertised on the Defendants' websites and Social Media Websites.

37. The shipping labels for both also included the same logo as appears on Defendants' websites, and information from the USPS tracking number for the package confirms that that the packages were sent from Hollywood, Florida and Toccoa, Georgia, respectively. Copies of the shipping labels and tracking data are attached hereto as Exhibit 3.

38. The WHOIS information for the iheartcamo.com domain, the swampcompany.biz domain, and the swampcompany.co domain all list Jeff Crawford as the registrant and administrative contact, and list his contact address is 483 Currahee Pt, Toccoa, Georgia, 30577, with a telephone number of (706) 483-5713. The WHOIS information for the

9

swampcompany.com domain lists a privacy service as the administrative and registrant contact. Copies of the WHOIS information for these domains are attached hereto as Exhibit 4.

39. The iheartcamo.com website states that The Swamp Company is owned and operated by Jeff and Monica Crawford, and that "The Crawford's [*sic*] reside seasonally between Northeast Georgia and South Florida."

40. The iheartcamo.com website states that the Crawfords have long been involved in the trade, such that either they and their coconspirators actually knew or were willfully and recklessly blind to Browning's position, reputation, and products in the marketplace and to its rights in the BROWNING Marks, and thus deliberately engaged in acts of willful infringement.

41. Recorded real property records indicate that Jeff Crawford is the owner of the real property located at 483 Currahee Pt, Toccoa, Georgia, 30577 from which the second package was shipped.

42. No corporation or limited liability company by the name of "The Swamp Company" appears in the records of the Secretary of State for the State of Florida or State of Georgia, nor are Jeff Crawford or Monica Crawford identified as the registered agent or as an officer of any other registered company under any similar name.

43. Jeff Crawford is identified as the registered agent for and managing member of Burnt Store Consulting, LLC in the most recent annual report filed with the Secretary of State filed in the State of Florida on April 30, 2015 (the "Florida Filing").

44. The Florida Filing identified Burnt Store Consulting, LLC's mailing address as 483 Currahee Point, Toccoa, GA, 30577, and its principal place of business as 315 Barabossa Street, Boca Grande, FL 33921.

45. Property records show that the real property located at 315 Barabossa Street, Boca Grande, FL 33921 was sold since the time of the April 30, 2015 Florida Filing.

46. At present, Burnt Store Consulting, LLC, is listed as an administratively dissolved entity.

47. Broward County, Florida property records show that Joseph and Dibora Harrar are the owners of the property from which the first package with infringing counterfeit goods was shipped, 4730 Sarazen Drive, Hollywood, Florida 33021.

48. Records filed with the Secretary of State for the State of Florida indicate that TNT APPAREL USA LLC, M.A FLORIDA INVESTMENTS LLC and MEYER FLORIDA INVESTMENTS LLC are all operated and managed by Diborah Harrar from that address.

49. The acts and products of Defendants are calculated to confuse and deceive the public and are performed with full knowledge of Browning's rights.

50. Defendants are not now, nor have they ever been, associated, affiliated or connected with, or endorsed, sanctioned, or licensed by Browning.

51. Browning has never authorized or consented in any way to the use by Defendants of the BROWNING Marks or copies, imitations, or substantially similar versions thereof.

52. The use by Defendants of the BROWNING Marks or copies, imitations, or substantially similar versions thereof is likely to cause consumers, the public, and the trade to believe erroneously that the goods sold by Defendants emanate or originate from Browning, or that those items are authorized, sponsored, licensed, or approved by Browning, although they are not.

53. This confusion causes irreparable harm to Browning and weakens the distinctive quality of the BROWNING Marks.

54. By using counterfeits and infringements of the BROWNING Marks on Defendants' goods, Defendants are trading on the goodwill and reputation of Browning and creating the false impression that Defendants' goods are Browning's legitimate products.

55. Defendants have been unjustly enriched by illegally using and misappropriating Browning's intellectual property for Defendants' own financial gain.

56. Defendants have profited and benefited unfairly from Browning's reputation for high quality products and its significant advertising and promotion of sporting goods and apparel and the BROWNING Marks.

57. By creating a false association with Browning and its genuine goods and BROWNING Marks, Defendants have disparaged Browning, its BROWNING Marks, and its products.

58. Browning has no control over the nature and quality of the products sold by Defendants being counterfeits and infringements of the BROWNING Marks.

59. Defendants' distribution, sales, offers to sell, promotion, and advertisement of its products reflects and has reflected adversely on Browning and its authorized licensees, impacted Browning's efforts to protect its reputation for high quality, original, and distinctive goods, and tarnished the goodwill and demand for genuine Browning products and, on information and belief, will continue to do so.

60. On information and belief, Defendants have acted deliberately or with reckless disregard for Browning's rights, or were willfully blind in connection with their unlawful activities.

61. On information and belief, Defendants have willfully and maliciously engaged in their counterfeiting and infringing activities.

62. As a result of the foregoing, this case is exceptional under 15 U.S.C. § 1117(a), and/or a case of intentional counterfeiting under 15 U.S.C. § 1117(b).

63. As a direct and proximate result of Defendants' wrongful advertisement, promotion, distribution, importation, sale, and offers to sell their good with counterfeit or infringements of the BROWNING Marks, Browning has suffered irreparable harm and damages in an amount not yet determined.

64. Browning has no adequate remedy at law, and Defendants' wrongful acts will continue unless enjoined by the Court. Therefore, Defendants must be restrained and enjoined from any further counterfeiting or infringement of the BROWNING Marks.

## FIRST CAUSE OF ACTION
### (Federal Trademark Counterfeiting in Violation of 15 U.S.C. § 1114)

65. Browning re-alleges and incorporates by this reference the preceding allegations.

66. Defendants have used spurious designations that are identical with, or substantially indistinguishable from, the BROWNING Marks on goods covered by the Trademark Registrations.

67. Defendants have used those spurious designations in commerce, including through their websites and Social Media Websites, knowing that those spurious designations are

13

counterfeits in connection with the advertising, promotion, sale, offering for sale, importation, and distribution of goods without Browning's consent.

68. Defendants' deliberate and unauthorized use of the BROWNING Marks is likely to cause deception, confusion or mistake as to the source, affiliation, connection, or association of Defendants' products and Browning, or as to the origin, sponsorship, or approval of Defendants' products; or to cause consumers to believe, incorrectly, that Defendants are senior users of the BROWNING Marks and that Browning is improperly using, copying, or infringing Defendants' marks.

69. On information and belief, Defendants have received substantial revenues and profits as a result of their unlawful conduct, to which Defendants are not entitled, and Browning has also suffered damages as a result of such unlawful conduct, for which Defendants are responsible.

70. By reason of Defendants' acts as alleged above, Browning has suffered and will continue to suffer irreparable harm to the value and goodwill of its BROWNING Marks, as well as to Browning's business, goodwill, and reputation. Unless enjoined, Defendants' unlawful conduct will continue, further injuring Browning and confusing the public.

71. Defendants' acts constitute trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

72. Defendants' acts are willful and malicious.

73. Therefore, Browning demands judgment against Defendants as set forth below.

### SECOND CAUSE OF ACTION
**(Federal Trademark Infringement in Violation of 15 U.S.C. § 1114)**

74. Browning re-alleges and incorporates by this reference the preceding allegations.

14

9236751_1

75. Plaintiff's incontestable registration in the BROWNING Marks constitutes conclusive evidence of the validity of Browning's trademark rights and of Browning's exclusive right to use the BROWNING Marks in commerce.

76. Defendants' deliberate and unauthorized use of the BROWNING Marks in connection with its marketing and sale of competing products constitutes willful trademark infringement in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114, because such use is likely to cause confusion or mistake as to the source, affiliation, connection, or association of Defendants' products and Browning, or as to the origin, sponsorship, or approval of Defendants' products; or to cause consumers to believe, incorrectly, that Defendants are senior users of the BROWNING Marks and that Browning is improperly using, copying, or infringing Defendants' marks.

77. Defendants engage in these activities with the intent of confusing or deceiving the public into believing that Defendants' and their products are sponsored, affiliated, or associated with Browning, although in fact they are not.

78. By reason of Defendants' acts as alleged above, Browning has suffered and will continue to suffer irreparable harm to the value and goodwill of its BROWNING Marks, as well as to Browning's business, goodwill, and reputation. Unless enjoined, Defendants' unlawful conduct will continue, further injuring Browning and confusing the public.

79. On information and belief, Defendants have received substantial revenues and profits as a result of their unlawful conduct, to which Defendants are not entitled, and Browning has also suffered damages as a result of such unlawful conduct, for which Defendants are responsible.

80. Therefore, Browning demands judgment against Defendants as set forth below.

## THIRD CAUSE OF ACTION
### (Trademark Dilution in Violation of 15 U.S.C. § 1125(c))

81. Browning re-alleges and incorporates by this reference the preceding allegations of this Complaint.

82. Plaintiff's BROWNING Marks are famous marks.

83. After Plaintiff's BROWNING Marks became famous, Defendants' deliberately and without authorization adopted them for use in commerce in connection with their commercial offering, manufacture, and sale of their competing, infringing, and counterfeit products.

84. Defendants' unauthorized use has or is likely to diluted Plaintiff's valuable trademark rights by negatively impacting the distinctiveness of the BROWNING Marks and tarnishing the reputation of the famous BROWNING Marks.

85. On information and belief, Defendants began using the BROWNING Marks with the intent of trading off the fame and goodwill of the BROWNING Marks.

86. Defendants' actions violate Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

87. By reason of Defendants' acts as alleged above, Browning has suffered and will continue to suffer irreparable harm to the value and goodwill of Browning's BROWNING Marks, as well as to Browning's business, goodwill, and reputation. Unless enjoined, Defendants' unlawful conduct will continue, further injuring Browning and confusing the public.

88. On information and belief, Defendants have received substantial revenues and profits as a result of their unlawful conduct, to which Defendants are not entitled, and Browning has also suffered damages as a result of such unlawful conduct, for which Defendants are responsible.

16

89. Therefore, Browning demands judgment against Defendants as set forth below.

## FOURTH CAUSE OF ACTION
### (Common Law Trademark Infringement, False Designation of Origin, and Unfair Competition in Violation of 15 U.S.C. § 1125(a))

90. Browning re-alleges and incorporates by this reference the preceding allegations of this Complaint.

91. Plaintiff's BROWNING Marks are inherently distinctive among the relevant trade and public as identifying Browning's products.

92. Defendants' deliberate and unauthorized use of the BROWNING Marks in connection with their competing products constitutes trademark infringement, unfair competition, and false designation of origin in willful violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), because such use is likely to cause confusion or mistake, or to deceive consumers as to the affiliation, connection, association of Defendants' products and services with Browning, or as to the origin, sponsorship, or approval of Defendants' products and services by Browning; or to cause consumers to believe, incorrectly, that Defendants are users of the BROWNING Marks and that Browning is improperly using, copying, or infringing Defendants' marks.

93. By reason of Defendants' acts as alleged above, Browning has suffered and will continue to suffer irreparable harm to the value and goodwill of Browning's BROWNING Marks, as well as to Browning's business, goodwill, and reputation. Unless enjoined, Defendants' unlawful conduct will continue, further injuring Browning and confusing the public.

94. On information and belief, Defendants have received substantial revenues and profits as a result of their unlawful conduct, to which Defendants are not entitled, and Browning has

also suffered damages as a result of such unlawful conduct, for which Defendants are responsible.

95. Therefore, Browning demands judgment against Defendants as set forth below.

### FIFTH CAUSE OF ACTION
### (Common Law Trademark Infringement)

96. Browning re-alleges and incorporates by this reference the preceding allegations.

97. Plaintiff's BROWNING Marks are distinctive and have acquired secondary meaning.

98. Defendants' actions, as alleged above, infringe Plaintiff's common law trademark rights under federal common law, Utah, Georgia, and Florida common law, and constitute acts of unfair competition.

99. By reason of Defendants' acts as alleged above, Browning has suffered and will continue to suffer irreparable harm to the value and goodwill of Browning's BROWNING Marks, as well as to Browning's business, goodwill, and reputation. Unless enjoined, Defendants' unlawful conduct will continue, further injuring Browning and confusing the public.

100.    On information and belief, Defendants have received substantial revenues and profits as a result of their unlawful conduct, to which Defendants are not entitled, and Browning has also suffered damages as a result of such unlawful conduct, for which Defendants are responsible.

101.    Therefore, Browning demands judgment against Defendants as set forth below.

### SIXTH CAUSE OF ACTION
### (Utah Deceptive Trade Practices Act – U.C.A. § 13-11A-3)

102.    Browning re-alleges and incorporates by this reference the preceding allegations.

9236751_1

103.    By using the BROWNING Marks, Defendants have passed off their goods as those of Plaintiff.

104.    On information and belief, Defendants knowingly made false representations as to the source, sponsorship, approval, or certification of goods by their use of the BROWNING Marks with knowledge of the BROWNING Marks.

105.    The foregoing misconduct of Defendants constitutes deceptive trade practices under Utah Code Annotated § 13-11A-3.

106.    Defendants' conduct is unfair because it allows Defendants to benefit unjustly by virtue of the goodwill and positive reputation associated with Browning and its BROWNING Marks and goods. Defendants have intentionally violated, and continue to violate, Browning's rights in the BROWNING Mark and related commercial benefits.

107.    Defendants are willfully and deliberately misleading the public by using in commerce reproductions, counterfeits, copies and/or colorable imitations of Browning's incontestable and federally registered BROWNING Marks. This conduct is likely to confuse the public as to whether Defendants' goods and services are somehow related to, or approved or sponsored by, Browning or vice versa; or that Defendants are senior users of the BROWNING Marks and that Browning is improperly using, copying, or infringing Defendants' marks.

108.    On information and belief, and as a direct, proximate, and foreseeable result of Defendants' wrongful conduct, Defendants have derived and received, and will continue to derive and receive, gains, profits and advantages from their unfair competition in an amount that is not presently known to Browning.

19

109.   By reason of Defendants' acts as alleged above, Browning has suffered and will continue to suffer irreparable harm to the value and goodwill of Browning's BROWNING Marks, as well as to Browning's business, goodwill, and reputation. Unless enjoined, Defendants' unlawful conduct will continue, further injuring Browning and confusing the public.

110.   On information and belief, Defendants have received substantial revenues and profits as a result of their unlawful conduct, to which Defendants are not entitled, and Browning has also suffered damages as a result of such unlawful conduct, for which Defendants are responsible.

111.   Therefore, Browning demands judgment against Defendants as set forth below.

## SEVENTH CAUSE OF ACTION
### (Georgia Uniform Deceptive Trade Practices Act – O.C.G.A. § 10-1-370 et seq.)

112.   Browning re-alleges and incorporates by this reference the preceding allegations.

113.   By using the BROWNING Marks, Defendants have passed off their goods as those of Plaintiff.

114.   By using the BROWNING Marks, on information and belief, Defendants knowingly and deceptively caused a likelihood of confusion as to the source, sponsorship, approval, or certification of goods, and as to their affiliation, connection, or association with or certification by Browning, and misrepresented that Defendants' goods have sponsorship, approval, characteristics, or benefits that they do not have, and misrepresented that Defendants have the sponsorship, approval, status, affiliation, or connection with Browning that they do not have.

115.   The foregoing misconduct of Defendants constitutes deceptive trade practices under the Georgia Uniform Deceptive Trade Practices Act.

9236751_1

116.    Defendants' conduct is unfair because it allows Defendants to benefit unjustly by virtue of the goodwill and positive reputation associated with Browning and its BROWNING Marks and goods. Defendants have intentionally violated, and continue to violate, Browning's rights in the BROWNING Mark and related commercial benefits.

117.    Defendants are willfully and deliberately misleading the public by using in commerce reproductions, counterfeits, copies and/or colorable imitations of Browning's incontestable and federally registered BROWNING Marks. This conduct is likely to confuse the public as to whether Defendants' goods and services are somehow related to, or approved or sponsored by, Browning or vice versa; or that Defendants are senior users of the BROWNING Marks and that Browning is improperly using, copying, or infringing Defendants' marks.

118.    On information and belief, and as a direct, proximate, and foreseeable result of Defendants' wrongful conduct, Defendants have derived and received, and will continue to derive and receive, gains, profits and advantages from their unfair competition in an amount that is not presently known to Browning.

119.    By reason of Defendants' acts as alleged above, Browning has suffered and will continue to suffer irreparable harm to the value and goodwill of Browning's BROWNING Marks, as well as to Browning's business, goodwill, and reputation. Unless enjoined, Defendants' unlawful conduct will continue, further injuring Browning and confusing the public.

120.    On information and belief, Defendants have received substantial revenues and profits as a result of their unlawful conduct, to which Defendants are not entitled, and Browning has also suffered damages as a result of such unlawful conduct, for which Defendants are responsible.

121.   Therefore, Browning demands judgment against Defendants as set forth below.

## EIGHTH CAUSE OF ACTION
### (Unjust Enrichment)

122.   Browning re-alleges and incorporates by this reference the preceding allegations.

123.   Defendants have benefited from the improper, unfair, and unauthorized use of Plaintiff's exclusive trademark rights and goodwill attendant thereto and Plaintiff's copyrights, as alleged above

124.   Defendants have knowledge and fully appreciate the benefits they have received from Plaintiff as a result of such actions

125.   Defendants would be unjustly enriched if they were permitted to retain the proceeds obtained from such actions.

126.   Equity and good conscience dictate that Defendants be required to account for and turn over to Plaintiff an amount equal to the value of the benefits conferred upon them.

## NINTH CAUSE OF ACTION
### (Civil Conspiracy)

127.   Browning re-alleges and incorporates by this reference the preceding allegations.

128.   The actions of Defendants alleged above were done deliberately and intentionally.

129.   The actions of Defendants alleged above were done with an agreement or for the common design and purposed to perpetrate one or more torts from an unlawful purpose of for unlawful means.

130.   Each and every defendant is equally and vicariously liable to Browning for their damages proximately caused.

22

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants and request of the Court the following relief:

a.      That the Court enter an injunction, preliminarily and permanently, ordering that Defendants, their agents, servants, employees, and all other persons in privity or acting in concert with them be enjoined and restrained:

i.      From infringing, using, or exploiting any of Plaintiff's rights in the BROWNING Marks, and from engaging in any conduct tending to weaken Browning's rights in those marks or its reputation and goodwill, including but not limited to the manufacture, production, distribution, circulation, sale, marketing, offering for sale, advertising, promoting, displaying, or otherwise disposing of any products not authorized by Browning bearing any simulation, reproduction, counterfeit, copy, of colorable imitation of the BROWNING Marks;

ii.      From using any marks similar to the BROWNING Marks that are likely to cause confusion or mistake as to whether Defendants are authorized by or affiliated with Plaintiff and as to whether Defendants' goods have been authorized or sponsored by Plaintiff;

iii.      From engaging in unfair competition with Browning and its authorized licensees;

iv.      From making a false representation as to the source, sponsorship, approval, or certification of goods by its use of the BROWNING Marks;

v.      From making a false representation or using false descriptions, including words or symbols, as to affiliation, connection, association with Browning or Browning's or its authorized licensees' goods, and from offering any goods in commerce so falsely described;

vi.     From using any reproduction, counterfeit, copy, or colorable imitation of the BROWNING Marks to identify any goods or the rendering of any services not authorized by Browning;

vii.    From secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information related to the importation, manufacture, productions, distribution, circulation, sale, marketing, offering for sale, advertising, promotion, or display of all unauthorized products that infringe the BROWNING Marks; and,

viii.   From effecting any assignment or transfer, or from forming or engaging in any new entity or association, or utilizing any other device, for the purpose of circumventing or otherwise avoiding the foregoing;

b.      That the Court issue an order directing Defendants to deliver up to Browning all literature, advertisements, business forms, signs, and any other representations, regardless of form, which are in, or come to be in Defendants' possession, custody, or control and which bear the BROWNING Marks or any confusingly similar variants, and order Defendants to notify their direct customers, agents, and representatives that its products are counterfeits or infringing products that are not authorized, sanctioned, or endorsed by, or otherwise connected with Browning;

24

c.      That the Court issue an order directing Defendants to deliver up for destruction to Browning all unauthorized products, books, records, advertisements, machines, electronic records, and other documents bearing any of the BROWNING Marks or any simulation, reproduction, counterfeit, copy, or colorable imitations thereof, and all plates, molds, matrices, electronic files, machines, and other means of production of the same pursuant to 15 U.S.C. § 1118 and other applicable law;

d.      That the Court issue an order directing Defendants to provide an accounting of all revenues and profits gained by Defendants while engaging in the acts complained of in this Complaint;

e.      That the Court award Plaintiff its actual damages, and awarding Plaintiff any additional damages that the Court deems just and equitable under the circumstances of the case;

f.      That the Court award Plaintiff treble damages in accordance with § 35 of the Lanham Act (15 U.S.C. § 1117) and any other applicable law;

g.      That the Court establish a constructive trust consisting of profits from or obtained by Defendants' wrongful acts, to be held for the benefit of Plaintiff;

h.      That the Court award Plaintiff damages to which it is entitled based upon Defendant's unjust enrichment;

i.      That the Court award Plaintiff statutory damages pursuant to 15 U.S.C. § 1117(c) of up to $1,000,000 for each and every trademark that defendants have willfully counterfeited and infringed;

j.      That the Court award Plaintiff prejudgment and post-judgment interest;

k.      That the Court declare this to be an exceptional case;

l.      That the Court award Plaintiff its allowable costs, investigate, and attorneys' fees;

m.      That, pursuant to 11 U.S.C. § 523(a)(6), the Court enter an order that Defendants be prohibited from a discharge under 11 U.S.C. § 727 for malicious, willful, and fraudulent injury to Browning;

n.      That the Court retain jurisdiction of this action for purposes of enabling Browning to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification of any such order, for enforcement of compliance therewith, and for punishment of any violations thereof; and,

o.      That the Court award Plaintiff exemplary and/or punitive damages for Defendants' willful, deliberate, fraudulent, and/or reckless conduct;

p.      That the Court award Plaintiff such other and/or further relief as is just and equitable.

## JURY DEMAND

Browning demands that all claims or causes of action raised in this Complaint be tried by a jury to the fullest extent possible under the United States Constitution.


DATED this 27th day of October, 2016.

HOLLAND & HART LLP

/L. Grant Foster/
L. Grant Foster
Brett L. Foster

*Attorneys for Plaintiff*

26